IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| JAN M. PODA, | ) | CASE NO.5:20-CV-01672 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL | ) | ORDER |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## Introduction

Before me[1] is an action under 42 U.S.C. §405(g) by Jan M. Poda seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied Poda's 2017 application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental fact

---

[1] The parties consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Solomon Oliver, Jr. ECF No. 15.
[2] ECF No. 1.
[3] ECF No. 10.
[4] ECF No. 11.
[5] ECF No. 6.
[6] ECF No. 12.
[7] ECF Nos. 13 (Poda), 16 (Commissioner), 19 (Poda reply).

sheets and charts.[8] The parties have met and conferred with the goal of reducing or clarifying the issues.[9] They have participated in a telephonic oral argument.[10]

For the following reasons, the decision of the Commissioner will be affirmed.

**Facts**

Poda, who was 53 years old at the time of the hearing,[11] has some education beyond high school[12] and her past relevant work was as a cashier, medical assistant and medical biller.[13] She testified at the hearing that, although she was then working as a grocery store cashier for 30 hours per week and had been so working for nearly a year, she experienced one- or two day-long migraine headaches two or three times a month and so felt unable to work in a competitive environment.[14] She completed a 2017 function report that states that she is normally able, with help, to do general cleaning and laundry, and that she splits meal preparation with her spouse.[15] She also stated that she can "sometimes" drive short distances" and shop at the grocery store twice a week.[16]

The ALJ found that Poda has the following severe impairments: Status-post left tibial fracture, migraines, abdominal migraines, Barrett's Disease, chronic pain syndrome,

---

[8] ECF Nos. 13, Attachment (Poda), 18 (Commissioner).
[9] ECF No. 20.
[10] ECF No. 22.
[11] Tr. at 26.
[12] *Id*. at 70.
[13] *Id*. at 25.
[14] *Id*. at 38-41.
[15] *Id*. at 203-04.
[16] *Id*. at 204.

depression, and anxiety.[17] The ALJ then determined that Poda has no impairment or combination of impairments that meet or medically equal a listing.[18] In making that determination, the ALJ explicitly considered Listings 1.03 (reconstructive surgery of a weight bearing joint), 1.06 (fracture of the femur, tibia, pelvis, or one or more of the tarsal bones), 5.08 (weight loss), 6.00 (genitourinary disorders), 12.04 (affective disorder), and 12.06 (anxiety related disorders). As to Listings 12.04 and 12.06, the ALJ found that Poda has only mild or moderate limitations in the paragraph B criteria.[19]

The ALJ then concluded that Poda has an RFC for light work, with some additional physical and mental limitations.[20] In formulating the RFC, the ALJ initially found that Poda's own testimony about the severity of her symptoms was not supported by the clinical evidence or by the medical opinion evidence.[21] He later elaborated on that finding by noting that Poda's regular treatment for her physical conditions – back pain, nausea, and migraines – was only "periodic emergency room treatment," and was otherwise conservative.[22] He further noted that Poda had no limitations on range of motion, reflexes or strength after surgery to repair her leg, and that, as mentioned, she was able to work 30 hours a week and further able to manage her daily needs.[23]

---

[17] *Id.* at 18.
[18] *Id.* at 18-20.
[19] *Id.* at 19. Listings 12.04 and 12.06 have identical paragraph B criteria. *Lara v. Berryhill*, 2017 WL 5952795, at *4 (S.D. Texas Nov. 28, 2017).
[20] Tr. at 20.
[21] *Id.* at 21-25.
[22] *Id.* at 25.
[23] *Id.*

As to the opinion evidence, the ALJ found a 2018 physical function opinion from Dr. Vernon Hershberger, M.D. to be unpersuasive, noting that the opinion was unsupported by medical findings and was inconsistent with the record, which shows that Poda was able to work throughout 2018 and 2019 while also engaging in household tasks.[24] The ALJ also found that the physical limitations opinions of the state agency reviewers were partially persuasive.[25] In addition, the ALJ found the 2018 opinion of a psychological consultative examiner to be persuasive, as well as the opinion of the state agency psychological reviewer.[26]

Then, the ALJ found that Poda was unable to do any of her past relevant work.[27] With the assistance of testimony from a VE, the ALJ concluded that Poda could work as a sales clerk, mail clerk, and ticket seller, and that jobs in all these positions existed in significant numbers in the national economy.[28]

Poda was thus found not disabled.[29]

**Analysis**

This matter is adjudicated under the well-known substantial evidence standard, which need not be restated here. Further, the opinion evidence is considered under the

---

[24] *Id*. at 24.
[25] *Id*.
[26] *Id*. at 24-25.
[27] *Id*. at 25-26.
[28] *Id*. at 26-27.
[29] *Id*. at 27.

newer rubric which assesses the persuasiveness of such opinions. That standard, as well, is well-known and need not be restated.

Although Poda frames the issues as two matters in her initial brief,[30] essentially the sole matter for judicial review is whether the ALJ erred in finding that Dr. Hershberger's opinion was unpersuasive.[31] To that point, she contends that the ALJ gave "vague and inaccurate" reasons for finding that opinion unpersuasive.[32] Further, she argues that because the state agency reviewers did not either examine Poda or have access to the majority of the treatment records – most of which were generated after the state agency reviewers submitted their opinions – the finding that Dr. Hershberger's opinion was less persuasive than those of the state agency reviewers is not supported by substantial evidence.[33]

While it is possible that the opinion of a treating or examining source may be found less persuasive than the opinion of a source that merely reviewed the record,[34] and that such an opinion of a reviewing source may also be found more persuasive even though the reviewer did not have access to a complete record,[35] it also remains true, in such situations, that the ALJ give some indication that he or she considered the later evidence before giving

---

[30] ECF No. 13 at 1.
[31] ECF No. 19 at 1.
[32] *Id*.
[33] *Id*. at 1-2.
[34] *Johnson v. Comm'r*, 2021 WL 2810130, at *15 (N.D. Ohio May 28, 2021) (citation omitted).
[35] *Id.* (citation omitted).

greater weight to the opinion that was not based on a review of the entire record.[36] In addition, as is well-established, "supportability and consistency are the most important factors under the new regulations for evaluating medical source opinions."[37]

The ALJ did not find the opinion of the state agency reviewers to be fully persuasive, but rather determined they were partially persuasive. In explaining that finding, the ALJ noted that, in contrast to the state agency opinion that Poda could to light work with only a limitation to the use of foot controls, Poda testified to regularly seeking treatment for dehydration and nausea and "kidney induced back pain and nausea." and examinations "confirmed that she has abdominal pain in her back and abdomen."[38] Accordingly, the ALJ, as part of the explanation for persuasiveness, credited both Poda's testimony and the entire record in finding the opinions of the state agency sources to be only partially persuasive.

Further, as noted above, in further reference to Poda's back pain, migraines and nausea, the ALJ also noted that Poda's regular treatment was conservative and that she "did not seek out additional solutions such surgery or significant dietary changes to improve her symptoms."[39] Only then did the ALJ refer to Poda maintaining a 30-hour per week job during 2018 and 2019, as well as her ability to manage her daily needs.[40]

---

[36] *Id*. (citation omitted).
[37] *Goode v. Comm'r*, 2021 WL 5919939, at *17 (N.D. Ohio Dec. 15, 2021) (citation omitted).
[38] Tr. at 24.
[39] *Id*. at 25, citing seven exhibits in the record.
[40] *Id*.

It is this record, which the ALJ spelled out in some detail, that was found inconsistent with Dr. Hershberger's opinion that Poda was occasionally unable to complete tasks that required concentration and was "often unable to work."[41]

As Poda herself indicates, reviewing courts must review the entire decision as a whole in assessing whether it is supported by substantial evidence.[42] Here, the entire discussion related above shows that the ALJ supported his finding on the persuasiveness of Dr. Hershberger's opinion by contrasting its conclusions with other evidence of record, while crediting Poda's own testimony where it was consistent with that record. As such, the persuasiveness assigned to Dr. Hershberger's opinion was neither contrary to any legal standard nor inconsistent with the evidence. Moreover, the explanations given in the opinion as a whole that point support the level of persuasiveness, as related above, are focused on the dual imperatives of supportability and consistency, as required in the regulations, and are capable of meaningful judicial review.

## Conclusion

For the reasons stated, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated: March 31, 2022

Signed by:
s/William H. Baughman Jr.
United States Magistrate Judge

---

[41] Id. at 24.
[42] ECF No. 19 at 3, citing *Buckhannon ex rel. J.H. v. Astrue*, 368 Fed. App'x 674, 678-79 (6th Cir. 2010).